IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JAMES A. CAULEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:13-cv-00052 (WLS) |
| | : | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Before the Court is a March 7, 2014 Report and Recommendation from United States Magistrate Judge Thomas Q. Langstaff on this Social Security appeal. (Doc. 11.) Judge Langstaff first considered whether Plaintiff's new evidence, a July 2012 U.S. Department of Veterans Affairs (VA) disability determination, merits a remand under Section Six of 42 U.S.C. § 405(g). The magistrate judge also considered whether the Administrative Law Judge's (ALJ) determination of Plaintiff's residual functional capacity (RFC) was supported by substantial evidence. Finally, Judge Langstaff considered Plaintiff's assertion that the ALJ erred in determining that other jobs exist in the national economy that Plaintiff is capable of performing. Judge Langstaff disagreed with Plaintiff on each of these issues and recommends the Court affirm the Commissioner's decision.

The Report and Recommendation provided the Parties with fourteen (14) days to file written objections to the recommendations therein. (Doc. 11 at 8.) In a March 13, 2014 Order, the magistrate judge granted Plaintiff's Motion for Extension of Time to File Written Objections to the Recommendation. Plaintiff timely filed his objections on April 21, 2014. (Doc. 14.)

In an objection to the Recommendation (Doc. 14), Plaintiff argues the Commissioner's decision must be reversed and remanded for two reasons: (1) Plaintiff's new evidence, a July 2012

1

U.S. Department of Veteran's Affairs (VA) disability determination, merits a remand under Sentence Six of 42 U.S.C. § 405(g); (2) the administrative law judge's (ALJ) RFC assessment was not supported by substantial evidence.

First, the Court agrees with Judge Langstaff that Plaintiff's new evidence does not merit a remand. Plaintiff contends that the July 2012 VA decision gives rise to a reasonable possibility of changing the ALJ's decision. (Doc. 14 at 2.) Plaintiff contends that the VA's finding that Plaintiff's depressive disorder and brain injury produce a variety of residual limitations creates "a reasonable probability that the jobs cited in Step 5 of the Commissioner's decision would not be available to such an individual." (*Id.* at 4.) The VA determination, however, "does not contain any additional, relevant medical information" that was not available to the Commissioner and is, at its heart, a non-binding determination by another agency. (Doc. 11 at 4.) The Court agrees with Judge Langstaff that Plaintiff has not demonstrated that the new evidence could reasonably be expected to change the ALJ's decision.

The Court further agrees with Judge Langstaff that the ALJ's RFC determination is supported by substantial evidence. The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, and a court may not reweigh the evidence in determining whether an ALJ's decision was supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Plaintiff's Objections repeat verbatim his Brief in Support of Reversal and Remand, contending that the ALJ erred in assessing his RFC by not accounting for *all* of Plaintiff's impairments, specifically Plaintiff's depressive disorder, headaches, cognitive limitation, and traumatic brain injury. (Doc. 6 at 11; Doc. 14 at 5.) However, Plaintiff does not point to any evidence that the ALJ ignored these impairments in making the RFC determination.

2

In his Objections, Plaintiff also refers to authority regarding consideration of medical opinions of record but does not raise a specific argument as to whether the ALJ erred in considering the various medical opinions. (Doc. 14 at 5.) In determining Plaintiff's RFC, the ALJ relied on Plaintiff's medical records, medical opinions from two doctors, opinions provided by state agency consultants, and evidence of Plaintiff's activities. The Court agrees with Judge Langstaff that the ALJ properly reconciled conflicting medical evidence by looking to Plaintiff's activities and state agency evaluations. (Doc. 11 at 6.) The Court agrees with Judge Langstaff that the ALJ's determination of Plaintiff's RFC was supported by substantial evidence.

Therefore, for all of the above reasons, Plaintiff's Objection (Doc. 14) is **OVERRULED**, and U.S. Magistrate Judge Langstaff's March 7, 2014 Recommendation (Doc. 11) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions made herein. The Commissioner's decision is hereby **AFFIRMED**.

**SO ORDERED**, this   13th   day of August 2014.

      <u>/s/ W. LOUIS SANDS</u>
      **THE HONORABLE W. LOUIS SANDS,**
      **UNITED STATES DISTRICT COURT**